**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions, Inc., | No. CV 12-00387-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Mitchell John Weber, et al., | |
| Defendants. | |

The court has before it Plaintiff's motion for default judgment against defendants Nicholas Lujan, Bill Bieze, and R.U.B., LLC (collectively, "defendants") (doc. 23).

Plaintiff was granted the exclusive commercial right to distribute the *Ultimate Fighting Championship 127: BJ Penn v. Jon Fitch* telecast on February 26, 2011 via closed-circuit television (the "Program"). Plaintiff alleges that defendants willfully and unlawfully intercepted and exhibited the Program at the Rub Sports Grill, a food and drink establishment located in Mesa, Arizona, in violation of 47 U.S.C. § 605 (governing unlawful interception of satellite signals).[1] Although served, defendants have failed to answer or otherwise respond to the complaint. Plaintiff now seeks default judgment in the amount of $111,100.00, plus attorney's fees and costs.

---

[1] Plaintiff's complaint also sought relief under 47 U.S.C. § 553, which governs the unauthorized interception of cable communications. In its motion for default judgment, however, it requests recovery under 47 U.S.C. § 605 only.

Section 605(a) of the Communications Act prohibits the unauthorized receipt and use of radio communications, including satellite television signals, for one's own benefit or the benefit of another. DirecTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008). Under § 605, a plaintiff can recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Statutory damages are available "in a sum of not less than $1,000 or more than $10,000" for each violation "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). To determine an appropriate reward, the court balances the need to deter future illegal conduct against the harm that will result to the defendants' business if significant damages are assessed. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

If a court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may exercise discretion and increase the damages award by up to $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii). "Courts use a variety of factors in determining whether a defendant's conduct is subject to enhanced damages for willfulness under § 605, including prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast." Kingvision Pay-Per-View, Ltd. v. Guzman, 2008 WL 1924988, at *3 (D. Ariz. April 30, 2008).

Rub Sports Grill is a relatively small commercial establishment with a maximum capacity of 80 to 100 people. According to plaintiff's investigator, the Program was broadcast on 12 televisions to no more than 42 people.[2] Patrons were not charged a cover fee.

By defaulting, defendants admit that they intercepted and exhibited the Program to their patrons without obtaining a license from plaintiff in violation of 47 U.S.C. § 605, and did so "willfully and for purposes of direct and/or indirect commercial advantage and/or

---

[2] Plaintiff incorrectly asserts in its motion that the Program was broadcast to 100 people. Plaintiff's investigator averred, however, that there were no more than 42 patrons in the establishment. Investigator Affidavit at 2.

- 2 -

1  private financial gain." Compl., ¶ 30 (doc. 1). We conclude that statutory damages under
2  § 605(e)(3)(C)(i)(II) in the amount of $2,000 is appropriate. Plaintiff's request for enhanced
3  damages of $100,000, however, is "manifestly excessive." See Joe Hand Promotions, Inc.
4  v. Streshly, 655 F. Supp. 2d 1136, 1139 (S. D. Cal 2009) (stating that the court will "not
5  indulge Plaintiff's attempt to obtain the biggest judgment it can by filing cookie-cutter
6  pleadings"). The evidence does not support a larger award. The license fee would have cost
7  defendants only $1,100. There is no evidence of repeated violations by defendants, no
8  evidence that defendants advertised the Program to draw additional crowds, and no evidence
9  that defendants charged either a cover fee or extra for food and drinks. The Program was
10 broadcast to no more than 42 patrons. Nevertheless, we are mindful of the deterrent effect
11 of an enhanced award under § 605, and we conclude based on the facts of this case that an
12 enhanced damages award of $2,000 is reasonable.

13 Plaintiff also seeks damages for conversion. Under Arizona law, "the measure of
14 conversion damages includes not only the value of the property taken, but also other damage
15 suffered because of the wrongful detention or deprivation of the property." Here, plaintiff
16 requests $1,100, the value of the license fee. See Plaintiff's Affidavit, Ex. 1. We deny the
17 request because the award under § 605 adequately compensates plaintiff for the conversion
18 of its license.

19 Finally, plaintiff's general request for attorney's fees is denied. Plaintiff must file a
20 motion for attorney's fees in accordance with LRCiv 54.2. Plaintiff's counsel should charge
21 only for hours actually expended on this case, taking into account the boilerplate pleadings
22 and motion-related forms used by this counsel in hundreds of other similar actions.

23 **IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 23).
24 The clerk shall enter judgment in favor of plaintiff and against defendants in the total amount
25 of $4,000.

26 DATED this 25th day of October, 2012.

27
28
   _Frederick J. Martone_
   Frederick J. Martone
   United States District Judge